UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD SERNA, | ) |
|                Petitioner, | ) ) ) |
|                v. | ) No. 1:24-cv-02250-JPH-MKK ) |
| DONALD EMERSON, | ) ) |
|                Respondent. | ) |

**ORDER DISMISSING CLAIMS AND ORDER TO SHOW CAUSE - DISCIPLINE CASE**

Ronald Serna's petition for a writ of habeas corpus challenges his disciplinary conviction in IYC/STP 22-09-0089 on September 22, 2022.

**I.**

The petitioner shall have **through February 28, 2025,** in which to either pay the $5.00 filing fee for this action or demonstrate his financial inability to do so.

**II.**

Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts* provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is

in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Mr. Serna raises four grounds for relief. Grounds One and Three assert that his appeals have been denied and that the facility has failed to forward his appeal paperwork to the S.T.P. program. These claims fail because there is no due process right to any administrative appeal. The procedural guarantees set forth in *Wolff v. McDonnell,* 418 U.S. 539, 563-572 (1974) may not be expanded by the lower courts. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (The Supreme Court has "warn[ed] the courts of appeals not to add to the procedures required by *Wolff*....").

In addition, relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler,* 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner,* 515 U.S. 472, 481-82 (1995). Therefore, any claim based on prison policy, such as the one at issue here, is not cognizable and does not form a basis for habeas relief. *See Keller v. Donahue,* 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process."); *Rivera v. Davis,* 50 F. App'x 779, 780 (7th

Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import – and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."). Grounds One and Three are **dismissed**.

### III.

The petitioner's custodian is directed to answer the allegations of **Grounds Two and Four** of the petitioner's petition for a writ of habeas corpus and in doing so shall **show cause** why the relief sought by the petitioner should not be granted insofar as the petitioner challenges the deprivation of a recognized liberty interest affecting the fact or the duration of his confinement. This shall be done within **forty-two (42) days** of the date this Order is issued. The petitioner shall have **twenty-eight (28) days** after service of such answer or return to order to show cause on him in which to reply.

If the petitioner's earliest possible release date (as reflected on the Indiana Department of Correction's website) is more than 1-year after the date the Return to Order to Show Cause is due, the Respondent is permitted to file a "Notice of 42-day Extension by Respondent (Habeas cases only)" which will extend the Respondent's deadline for filing a Return to Order to Show Cause by 42-days from the date the Notice is filed. The Notice must include the petitioner's anticipated release date if the relief sought by the petitioner is granted.

Although additional motions for time are not anticipated, all subsequent motions for time must include the petitioner's anticipated release date if the relief sought by the petitioner is granted.

## IV.

Any video files submitted in support of or in opposition to the petition for a writ of habeas corpus must be presented in MP4, WMV, MOV, or AVI format.

## V.

"Documents that affect the disposition of federal litigation are presumptively open to public view ... unless a statute, rule, or privilege justifies confidentiality." *In re Specht,* 622 F.3d 697, 701 (7th Cir. 2010). "This transparency enables interested members of the public to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014) (cleaned up). Yet, the respondents in habeas actions challenging disciplinary convictions routinely ask the Court to consider evidence that for safety and security reasons should not be made available to the petitioner or the public.

In this district, Local Rule 5-11(b) sets forth the process to be followed for filing a document under seal. The clerk will not (without a court order) reveal a sealed document to anyone other than "the court and its staff; the clerk's staff; and the attorneys who have appeared . . . and any pro se party in the case in which the document has been filed." L.R. 5-11(b)(1)-(b)(3). Meanwhile, documents filed *ex parte* can be viewed only by the filing party, the court and its

4

staff and the clerk's staff. Although, no Local Rule specifically addresses *ex parte* filings, a court order is necessary to maintain the document under seal given the general presumption that court records are available to the public.

Accordingly, if Respondent relies on evidence that requires either sealed or *ex parte* restrictions, the procedures set forth in Local Rule 5-11(b) must be followed. There are three categories of evidence that are pre-approved for filing *ex parte* without a motion. The Court will review these documents *in camera*.

First, prison security videos and any still pictures taken from security videos may be filed *ex parte*. This is because the Respondent has a compelling security interest in denying a prisoner information regarding the exact capabilities of the cameras. *See Hoskins v. McBride*, 202 F. Supp. 2d 839, 845 (N.D. Ind. 2002).

Second investigative reports containing confidential information or the prison's investigative techniques and capabilities may be filed *ex parte*. *Mendoza v. Miller*, 779 F.2d 1287, 1294 (7th Cir. 1985).

Third, pictures of victims, including other incarcerated individuals, staff, visitors, and contractors, may be filed *ex parte* because prison policy prohibits incarcerated individuals from possessing pictures to reduce the risk of impersonation and intimidation. *See, e.g., Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003) (observing that a prisoner is not entitled to certain materials where there are bona fide security concerns, but that due process requires the district court to conduct an *in camera* review to ensure that exculpatory evidence was not withheld).

Any filings that do not fall into the three categories set forth above may only be filed *ex parte* or under seal if accompanied by a motion.

**SO ORDERED.**

Date: 1/15/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RONALD SERNA
249060
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic Service to:
 Indiana Attorney General
 Indiana Department of Correction

6